UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL DAVYDOV and GLORIA NOVAKOV,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and FLAGSTAR BANK,<br><br>Defendants. | CASE NO. 24-cv-3314 |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Experian Information Solutions, Inc. ("Experian") hereby files this Notice of Removal of the above-captioned action to this Court on the following grounds:

1. Experian is a named Defendant in Index No. 706833/2024 filed by Plaintiffs Michael Davydov and Gloria Novakov ("Plaintiffs") in the Supreme Court of the State of New York, County of Queens (the "State Court Action").

2. The Summons with Notice in the State Court Action was filed with the Clerk of the Supreme Court of the State of New York, County of Queens on March 29, 2024.

3. This Notice is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiffs' initial pleading on April 3, 2024 setting forth the claims for relief upon which Plaintiffs' action is based.

4. This Court is the proper district court for removal because the State Court Action is pending within this district.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Experian in the State Court Action is attached hereto as **Exhibit A**.

6. Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7. Equifax Information Services, LLC is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Equifax uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

8. Trans Union, LLC is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Trans Union uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

9. Flagstar Bank is a corporation which regularly furnishes information to one or more consumer reporting agencies about its transactions or experiences with consumers, and therefore is a "furnisher of information" within the meaning of 15 U.S.C. § 1681s-2.

10. Certain of the claims for relief against Defendants alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Thus, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's other claims for relief arising under the New York Fair Credit Reporting Act, N.Y. GEN. BUS. LAW § 380 *et seq.* ("NY FCRA"), as these claims arise from the same operative facts and form part of the same case or controversy.

12. As of the date of this Notice, all named defendants have been served with the Summons and Complaint in the State Court Action and consent to removing the above-captioned action to this Court. Trans Union, LLC's, Equifax Information Services, LLC's, and Flagstar Bank's consents to removal are attached hereto as **Exhibit B, Exhibit C**, and **Exhibit D** respectively.

13. Promptly after the filing of this Notice of Removal, Experian shall provide notice of the removal to Plaintiffs through their attorney of record in the State Court Action, and shall file a copy of this Notice with the clerk of the court in the State Court Action, as required by 28 U.S.C. § 1446(d).

Dated: May 3, 2024                                Respectfully submitted,

                    By:    */s/ Leah S. Murphy*
                            Leah S. Murphy
                            JONES DAY
                            250 Vesey Street
                            New York, New York 10281
                            Telephone: (212) 326-3425

                            *Attorneys for Defendant*
                            *Experian Information Solutions, Inc.*