SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
Index Number: 706833/2024
Date Filed: 03/29/2024
ATTORNEY(S) IKHILOV & ASSOCIATES
76 WEST BRIGHTON AVENUE BROOKLYN, NY 11224 | PH: (718) 336-4999

MICHAEL DAVYDOV AND GLORIA NOVAKOV, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED CONSUMERS

Plaintiff

vs

EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND FLAGSTAR BANK

Defendant

## AFFIRMATION OF SERVICE

**BRYCE KEIZER**, the undersigned, affirms and states that deponent is not a party to this action, is over 18 years of age and resides in the State of California.

That on **4/3/2024**, at **1:27 PM** at **475 ANTON BOULEVARD, COSTA MESA, CA 92626**, Deponent served the within **Summons and Verified Complaint with Notice of Commencement of Action Subject to Mandatory Electronic Filing**, with the index number and the filing date of the action were endorsed upon the face of the papers so served herein. On: **EXPERIAN INFORMATION SOLUTIONS, INC.**, Defendant therein named, ( hereinafter referred to as "subject").

By delivering to and leaving with **MYRA GARCIA** said individual to be **Security Guard** who specifically stated he/she was **authorized to accept** service on behalf of the Corporation/Government Agency/Entity/Partnership. A description of MYRA GARCIA is as follows:

**Sex**: Female   **Color of skin**: Tan   **Color of hair**: Brown   **Age**: 36 - 50 Yrs.
**Height**: 5ft4in-5ft8in   **Weight**: 131-160 Lbs.   **Other** :

I affirm on this day 4/6/24 , under the penalties of perjury under the law of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

BRYCE KEIZER
Lic # PSC6332
JobID   2419343

Client's File No.:

INTER COUNTY JUDICIAL SERVICES, LLC, 6851 JERICHO TURNPIKE, SUITE 180, SYOSSET, NY 11791   LICENSE # 1371771
UNITED PROCESS SERVICE

1 of 1

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF QUEENS<br>------------------------------------------------------------------X<br>MICHAEL DAVYDOV and GLORIA NOVAKOV, individually, and on behalf of all other similarly situated consumers,<br><br>        Plaintiff(s),<br><br>      -against-<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and FLAGSTAR BANK,<br><br>        Defendant(s).<br>------------------------------------------------------------------X | Index No.:<br>Date Purchased:<br>**SUMMONS**<br><br>Plaintiffs designate Queens County as the place of trial.<br><br>The basis of venue is:<br>PLAINTIFFS' RESIDENCE<br><br>Plaintiffs reside at:<br>8103 Cowles Court<br>Middle Village, NY 11379<br><br>County of Queens |

**To the above named Defendants:**

  YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance on the Plaintiffs' Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service in complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:    Brooklyn, New York
       March 29, 2024

                   _____
                   ERIK IKHILOV, ESQ.
                   **Ikhilov & Associates**
                   Attorneys for Plaintiff(s)
                   76 W. Brighton Avenue, Suite 212
                   Brooklyn, New York 11224
                   718-336-4999

Notice: The nature of this action is violation of the Fair Credit Reporting Act.

Defendant(s) address:

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, Georgia 30309

Trans Union, LLC
555 West Adams
Chicago, Illinois 60661

Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, California 92626

Flagstar Bank
5151 Corporate Drive
Troy, MI 48098

**NOTE**: The law provides that

(a) if this summons is served by its delivery to you personally within the City of New York, you must appear and answer within **TWENTY** days after such service; or
(b) If this Summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication or by any means other than personal delivery to you within the City of New York, you are allowed **THIRTY** days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
MICHAEL DAVYDOV and GLORIA NOVAKOV, individually, and on behalf of all other similarly situated consumers,

        Plaintiff(s),

-against-

EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and FLAGSTAR BANK,

        Defendant(s).
------------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiffs, MICHAEL DAVYDOV and GLORIA NOVAKOV, hereby allege as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages arising from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to NY CPLR §301.

3.      Venue is proper in the Supreme Court of the State of New York, Queens County pursuant to NY CPLR §503(a) because Plaintiff resides in this county.

**PARTIES**

4.      Plaintiffs are natural persons who at all relevant times have resided in Queens in the State of New York.

5.      Defendant, Equifax Information Services, LLC ("EQUIFAX"), is a business entity that regularly conducts business in New York with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Defendant, Transunion, LLC ("TRANSUNION"), is a business entity that regularly conducts business in New York with its principal place of business as 555 West Adams, Chicago, Illinois 60661. TRANSUNION is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7. Defendant, Experian Information Solutions, Inc., ("EXPERIAN"), is a business entity that regularly conducts business in New York with its principal place of business as 475 Anton Boulevard, Costa Mesa California 92626. EXPERIAN is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

8. Defendant, Flagstar Bank ("FLAGSTAR"), is a business entity located at 5151 Corporate Drive, Troys MI 48098. FLAGSTAR is a furnisher of information to credit agencies.

## FACTUAL STATEMENT

9. On or about January, 2023, Plaintiffs obtained a mortgage from United Wholesale Mortgage ("UNITED"), Plaintiff incurred a mortgage obligation and UNITED began servicing the mortgage.

10. On or about January, 2023, Plaintiffs enrolled in automatic payment and mortgage payment was deducted directly from their personal account at Chase Bank.

11. Unbeknownst to the Plaintiffs, their mortgage account was transferred to FLAGSTAR in June, 2023. Neither UNITED nor FLAGSTAR notified the Plaintiffs that the servicing of the loan will be transferred to FLAGSTAR.

12. Payments were deducted automatically from January, 2023 to August, 2023.

13. Unbeknownst to the Plaintiffs, automatic payments stopped in September, 2023.

14. Plaintiffs were not aware that automatic payments stopped until receipt of notice, in November, 2023, that their credit history suffered a highly significant drop.

15. After conducting internal research as to the cause, Plaintiffs discovered that automatic payments on their mortgage account were cancelled by FLAGSTAR.

16. Throughout the servicing of the loan, Plaintiffs consistently made timely payments.

17. Despite that, FLAGSTAR deducted automatic payments in June, July and August, 2023, FLAGSTAR never sent notice that automatic payments will be cancelled.

18. After FLAGSTAR's cancellation of automatic payments, FLAGSTAR reported Plaintiffs to the credit bureaus.

19. FLAGSTAR's reporting is false and misleading because it implies Plaintiffs did not make payments but in fact, FLAGSTAR is the cause of missed payments due to FLAGSTAR cancelling automatic payments without notice.

20. Plaintiffs disputed the incorrect information with FLAGSTAR on or about January, 2024, but FLAGSTAR refused to correct their reporting.

21. EQUIFAX, TRANSUNION and EXPERIAN also refused to correct the wrongfully reported negative reporting.

## CLASS ACTION ALLEGATIONS

### The Class

22. Plaintiffs bring this as a class action pursuant to NY CPLR Article 9. Plaintiffs seek to represent a class for purposes of seeking monetary and injective reliefs.

23. Plaintiffs seek certification of the following class, initially defined as follows:

All natural persons residing within the United States, beginning five years prior to the filing of this Complaint, for whom FLAGSTAR reported late payment history after cancellation of automatic payments.

### Numerosity

24. Upon information and belief, FLAGSTAR reported negative information to credit bureaus and contain inaccurate late payment information for hundreds, if not thousands, of consumers throughout the United States, each of which violates the FCRA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the records of EQUIFAX, TRANSUNION and EXPERIAN. This class is particularly ascertainable given the fact that the nature of the claim is obvious on the face of any credit report.

5

### Common Questions of Law and Fact

26. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether FLAGSTAR EQUIFAX, TRANSUNION and EXPERIAN violated various provisions of the FCRA and New York law; (ii) whether the Plaintiffs and the Classes have been injured by the conduct of Defendants; (iii) whether the Plaintiffs and the Classes have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

### Typicality

27. The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Classes defined in this complaint have claims arising out of the common uniform course of conduct complained of herein: Plaintiffs and each member of the class have obviously inaccurate late payments on their credit files. Accordingly, Plaintiffs' claims are typical of the claims of the Classes, and Plaintiffs has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

28. Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiffs' counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

29. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

30. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

31. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

32. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

33. Certification of a class is appropriate in that the questions of law and fact common to members of the Plaintiffs' Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

34. Certification of a class is appropriate in that prosecuting separate actions against any of the named Defendants concerning their failure to maintain adequate policies to comply with the FCRA could result in inconsistent or varying adjudications with respect to individual class members, and would result in adjudications that would impair or impede their ability to protect their interests.

35. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues.

36. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

37. Absent a class action, the members of the Classes will continue to suffer losses borne from FLAGSTAR, EQUIFAX, TRANSUNION and EXPERIAN breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling FLAGSTAR, EQUIFAX, TRANSUNION and EXPERIAN conduct to proceed and harm consumers.

38. FLAGSTAR, EQUIFAX, TRANSUNION and EXPERIAN has acted, and will act, on grounds generally applicable to the Classes, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX, TRANSUNION and EXPERIAN

39. Plaintiffs repeat, reallege, and reassert the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

40. EQUIFAX, TRANSUNION and EXPERIAN prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiffs as that term is used and defined under 15 U.S.C. § 1681a.

41. FLAFSTAR, EQUIFAX, TRANSUNION and EXPERIAN negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

42. EQUIFAX, TRANSUNION and EXPERIAN negligently and willfully failed to reinvestigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i.

43. As a direct and proximate cause of EQUIFAX, TRANSUNION and EXPERIAN failure to perform its duties under the FCRA, Plaintiffs have suffered injury to credit worthiness and increased difficulty obtaining credit. Plaintiffs have also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

44. EQUIFAX, TRANSUNION and EXPERIAN conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, EQUIFAX, TRANSUNION and EXPERIAN were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

## COUNT II
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 380
## BY EQUIFAX, TRANSUNION and EXPERIAN

45. Plaintiffs repeat, reallege, and reassert the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

46. Pursuant to N.Y. Gen. Bus. Law. § 380-l and § 380-m, Defendants are liable for failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it sold about consumers, in violation of NYGBL § 380-j(e).

47. Pursuant to N.Y. Gen. Bus. Law. § 380-l and § 380-m, Defendants are liable for failing to reinvestigate the erroneous information and provide a notice of dispute, in violation of NYGBL §380-f(a)-(c).

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FLAGSTAR

48. Plaintiffs repeat, reallege, and reassert the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

49. At all times pertinent hereto, FLAGSTAR was a "person" as that term is used and defined under 15 U.S.C. § 1681a. 46. FLAGSTAR willfully and negligently supplied FLAFSTAR, EQUIFAX, TRANSUNION and EXPERIAN with information about Plaintiff that was false, misleading, and inaccurate.

50. After being informed of these errors, FLAGSTAR negligently and willfully failed to conduct a reasonable investigation, in violation of 15 U.S.C. § 1681s-2(b).

51. Specifically, by allowing inaccurate historical late payments to report years after knowing the account had been paid, FLLAGSTAR failed to fix the errors after being notified of the reporting error.

52. As a direct and proximate cause of FLAGSTAR's failure to perform its duties under

8

the FCRA, Plaintiffs have suffered injury to credit worthiness and increased difficulty obtaining credit. Plaintiffs have also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

53. FLAGSTAR's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, FLAGSTAR was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

## JURY TRIAL DEMAND

54. Plaintiffs demand a jury trial on all issues so triable.

WHEREFORE, Plaintiffs, MICHAEL DAVYDOV and GLORIA NOVAKOV, respectfully request the following relief for the benefit of Plaintiffs:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;
B. Enter judgment against Defendants for punitive damages;
C. Enter judgement against Defendants for statutory damages;
D. Enter judgment against Defendants for actual damages;
E. Enter an order for injunctive relief prohibiting Defendants from continuing to report credit errors;
F. Award costs and reasonable attorneys' fees; and
G. Grant such other and further relief as may be just and proper.

Dated:    Brooklyn, New York
          March 29, 2024

Yours, etc.

_____
ERIK IKHILOV
Ikhilov & Associates
Attorneys for Plaintiff(s)
76 W. Brighton Avenue, Suite 212
Brooklyn, New York 11224
718-336-4999

STATE OF NEW YORK

ss.:

COUNT OF KINGS

## VERIFICATION

I, Michael Davydov, being duly sworn deposes and says that:

I am the Plaintiff in the within action. I have read the foregoing and I know the contents thereof:

The contents of the foregoing are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Sworn to before me on the 29th day of March, 2024

_____
Notary Public

ERIK IKHILOV
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02IK5016052
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 12/20/27

STATE OF NEW YORK

                                 ss.:

COUNT OF KINGS

## VERIFICATION

I, Gloria Novakov, being duly sworn deposes and says that:

I am the Plaintiff in the within action. I have read the foregoing and I know the contents thereof:

The contents of the foregoing are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____

Sworn to before me on the 29 day of March, 2024

_____
Notary Public

ERIK IKHILOV
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02IK5016052
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 12/20/25